# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIXIN CHIPS BH LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>E. MISHAN & SONS INC.,<br><br>　　　　Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, FIXIN CHIPS BH LLC ("FCBH"), seeks declaratory judgment that it does not infringe, directly or indirectly, United States Patent No. 11,732,826 ("the '826 Patent").

## NATURE OF THE ACTION

1. This is an action for declaratory judgment associated with a garden hose patent arising under 28 U.S.C. §§2201 and 2202 and the Patent Laws of the United States, Title 35 of the United States Code. FCBH seeks declaratory judgment that FCBH does not infringe, directly or indirectly, the '826 Patent.

2. In January 2025, FCBH's new Powerflow garden hose (hereafter "Powerflow v2") was listed with Amazon, Inc. ("Amazon"). E. Mishan & Sons Inc. ("Emson") was notified that the Powerflow v2 was being offered for sale on Amazon, the Powerflow v2 was a clear design around to Emson's '826 Patent, and the Powerflow v2 did not and could not infringe the '826 Patent because it was missing a material limitation of all patent claims. Despite that clear notice, in an effort to wield its patent as a sword to bully a perceived competitor out of the market rather than competing fairly in the marketplace, Emson falsely reported to Amazon that the Powerflow v2 infringed the '826 Patent. Amazon subsequently delisted the Powerflow v2, temporarily removing FCBH from a primary distribution channel and causing FCBH serious financial harm

and loss of goodwill. Despite FCBH's efforts, Amazon has not relisted the Powerflow v2, which is causing FCBH ongoing and irreparable harm.

3. Because this action presents an actual controversy with respect to patent infringement, this Court may grant declaratory relief of non-infringement of the '826 Patent under 28 U.S.C. §§2201 and 2202.

## THE PARTIES

4. FCBH is a New York corporation with its principal place of business at 36 Garden Terrace, Spring Valley, NY, United States, 10977.

5. Upon information and belief, Defendant Emson is organized and existing under the laws of the state of New York, with its corporate headquarters at 230 Fifth Avenue, Suite 800, New York, New York 10001.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201 *et. seq*. and under the Patent Laws of the United States, 35 U.S.C. §100 *et. seq*. As demonstrated in ¶¶ 2 and 10-27 (incorporated herein by reference), an actual case or controversy exists as to the alleged infringement, giving FCBH standing under Article III of the United States Constitution to file this declaratory judgment action pursuant to 28 U.S.C. §§2201 and, 2202.

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§1331, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws of the United States pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202.

8. Upon information and belief, this Court has personal jurisdiction over Emson because Emson is organized under the laws of and headquartered in New York and is thus at home

in this jurisdiction. A substantial portion of the events or occurrences giving rise to the claims at issue arose within this judicial district, and Emson availed itself of the privilege of doing business in New York via its substantial contacts with New York. In addition, Emson maintains a website from or accessible in New York where it touts its patents, including the '826 Patent. Emson is also causing harm within and from New York by falsely reporting to Amazon alleged acts of patent infringement, causing Amazon to delist products. Upon information and belief, Emson also derives substantial revenue in New York from intrastate and interstate commerce through product listings on the Amazon website, including product listings for its licensees. Emson is thus within the jurisdiction of this Court. Emson's bad faith conduct has caused injury to persons residing in, located in, or doing business throughout the United States, including this district, such as FCBH.

9. As demonstrated in ¶ 8 of this Complaint, incorporated here by reference, venue properly lies in this judicial district pursuant to 28 U.S.C. §§1391(b), (c) and 1400.

## RELEVANT FACTUAL BACKGROUND

10. FCBH has been and remains a leading seller of garden hoses. Today, the company offers many innovative products to consumers in the United States.

11. FCBH markets and sells its products directly through its own web portal on https://powerflowhose.com/ and indirectly through a third-party ecommerce portal on www.Amazon.com.

12. The Amazon selling portal is vital to FCBH's business. Multiple IP infringement allegations against a seller on Amazon, such as FCBH, can lead to the seller's entire store (or stores) being shut down permanently.

13. FCBH makes and offer for sale garden hoses, including the Powerflow products.

14. In August 2024, Emson started a bad faith campaign against an earlier variation of the Powerflow (hereafter "Powerflow v1"), including on Amazon.com. Emson sent reports to Amazon alleging the Powerflow v1 infringed the '826 Patent.

15. A true and correct copy of the '826 Patent is attached hereto as **Exhibit 1**. The '826 Patent is titled "Garden Hose With Metal Sheath And Fabric Cover." **Ex. 1** at (54). According to the face of the '826 Patent, it issued on August 22, 2023, to alleged inventor Isaac Mishan. *Id.* at (45), (73). The face of the '826 Patent's states that the assignee is E. Mishan & Sons, Inc. (Emson) *Id.* at (73).

16. In response to Emson's August 2024 report, Amazon delisted the Powerflow v1. Although the Powerflow v1 does not infringe the '826 Patent, in an effort to avoid any further conflict with Emson, the Powerflow v2 was created as a design around to the '826 Patent. Powerflow v2 is a non-expandable garden hose that is composed of the following three layers: (i) plastic inner lining, (ii) a metal middle portion, and (iii) a fabric outer portion. A Powerflow v2 hose is depicted in the image below.



17. In January 2025, the Powerflow v2 was listed on the Amazon.com website, in store name "LightHose" (Merchant Token: A2D79CZ9Z9LE5ERB). FCBH is the licensee of the afore-identified Merchant Token. The Powerflow v2 products were given the following Amazon Standard Identification Numbers ("ASINs"): B0DRGW72BN, B0DRGW97BJ, B0DRGWNZH8, B0DRGWPF45, B0DRGWT7ZM, B0DRGXNDD5, B00RGX7RRR, and B00RGXVDQ3. Each ASIN corresponds to a Powerflow v2 product with a certain size/color, each of which is shown in **Exhibits 2-9**. The below table identifies each Powerflow v2 product according to its ASIN number.

| ASIN | Powerflow v2 Product |
|---|---|
| B0DRGW72BN | Black, 100 ft. |
| B0DRGW97BJ | Green, 50 ft. |
| B0DRGWNZH8 | Green, 100 ft. |
| B0DRGWPF45 | Green, 25 ft. |
| B0DRGWT7ZM | Black, 75 ft. |
| B0DRGXNDD5 | Black, 25 ft. |
| B00RGX7RRR | Black, 50 ft. |
| B00RGXVDQ3 | Green, 75 ft. |

18. For the avoidance of doubt, all references to "Powerflow v2" herein refer to all Powerflow v2 products listed in the above table.

19. On January 14, 2025, Emson was notified via letter that the Powerflow v2 was being offered on Amazon.com. **Ex. 10.** Emson was notified that the Powerflow v2 was a design around to Emson's '826 Patent because it did not include a constricting band on both ends of the

hose (as shown in the below image), a material limitation in all claims of the '826 Patent.



20.     The above image of the Powerflow v2 was posted on Amazon and clearly showed the Powerflow v2 does not include the constricting band required of all claims of the '826 Patent. Despite the notice and clearly non-infringing design posted on Amazon.com, Emson falsely reported to Amazon that the Powerflow v2 infringed the '826 Patent.

21.     In April 2025, Emson filed a complaint with Amazon, alleging FCBH's Powerflow v2 hose infringed the '826 Patent (Complaint ID: 17637485211).

22.     On or about April 24, 2025, in response to Emson's bad faith reporting, Amazon delisted the following ASINs related to the Powerflow v2: B0DRGW72BN, B0DRGW97BJ, B0DRGWNZH8, B0DRGWPF45, B0DRGWT7ZM, B0DRGXNDD5, B00RGX7RRR, and B00RGXVDQ3.

23.     Notwithstanding that the Powerflow v2 clearly does not infringe the '826 Patent and any effort by Emson to enforce the '826 Patent against the Powerflow v2 was and is frivolous,

the Powerflow v2 is currently delisted from Amazon and FCBH is now facing a permanent ban from Amazon.com because of Emson's history of bad faith reporting.

24. Following the wrongful delisting of FCBH's Powerflow v2, FCBH wrongfully and unjustly lost numerous sales of the Powerflow v2 and FCBH's Amazon Seller Performance Score on Amazon.com has been reduced.

25. Despite FCBH's repeated attempts to have Amazon relist its clearly non-infringing Powerflow v2, to date, the Powerflow v2 is still delisted by Amazon, preventing FCBH from selling the product on Amazon.com.

26. Emson refuses to retract its false and bad faith report to Amazon. FCBH's lost profits are accumulating each day that Emson maintains its frivolous infringement allegations and does not retract those allegations with Amazon.

27. A declaration by the Court will serve a useful purpose in clarifying or settling the legal issues herein, will finalize the controversy and offer relief from uncertainty, and will help avoid the accrual of potential damages and additional litigation.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '826 Patent)**

28. FCBH restates and realleges each of the assertions set forth in the paragraphs above.

29. This is an action for Declaratory Judgment that FCBH's making, using, selling, and offering for sale of the Powerflow v2 does not infringe, directly or indirectly, any claim of the '826 Patent, either literally or under the doctrine of equivalents.

30. FCBH's making, using, selling, and/or offering for sale of the Powerflow v2 has not (and does not) infringe any claim of the '826 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

31. For example, and without limitation, independent claim 1 of the '826 Patent requires: "a fabric sheath disposed over the metal sheath and fixed to the metal sheath by ***a first constricting band disposed at the first shoulder and a second constricting band disposed at the second shoulder***." **Ex. 1 at Claim 1** (emphasis added). Reproduced below is Figure 2 of the '826 Patent. One of the claimed constricting bands is shown as element **103**. *Id.* **at Fig. 2**. The constricting band holds the outer fabric of the hose to an inner metal sheath.



FIG. 2

32. Claim 1 of the '826 Patent require two constricting bands, one located in a shoulder at one end of the hose, and the other located in a shoulder at the opposite end of the hose. *Id.* **at Claim 1**.

33. The Powerflow v2 does not have the two claimed constricting bands. As shown below, at least one end of the Powerflow v2 has the outer fabric glued to the inner metal sheath.



34.     Accordingly, the Powerflow v2 cannot infringe claim 1 of the '826 Patent, either literally or under the doctrine of equivalents, because it is missing at least one material limitation of claim 1, namely "a first constricting band disposed at the first shoulder and a second constricting band disposed at the second shoulder."

35.     Because the Powerflow v2 does not meet each and every claim limitation of independent claim 1 of the '826 Patent, the Powerflow v2 does not meet each and every claim limitation of dependent claims 2-12 of the '826 Patent. Thus, the Powerflow v2 does not meet and therefore does not infringe any claim of the '826 Patent, either literally or under the doctrine of equivalents.

36.     For at least the foregoing reasons, FCBH's making, using, selling, and/or offering to sell the Powerflow v2 does not infringe, directly or indirectly, any claim of the '826 Patent, either literally or under the doctrine of equivalents.

37.     FCBH also has not and does not induce or contribute to the infringement of the '826 Patent for at least the reasons stated above, and because there is no direct infringement of the '826 Patent, either literally or under the doctrine of equivalents.

38. Emson's baseless infringement report to Amazon caused and is causing FCBH real and substantial harm, such that an existing and ongoing justiciable controversy exists between the parties. FCBH has incurred substantial losses, both financial and in terms of goodwill. Emson's bad-faith reports of patent infringement, made without a reasonable basis and with reckless disregard for the truth, directly caused substantial harm to FCBH and will continue to do so until they are retracted.

39. As set forth above, an actual, concrete, justiciable, and immediate controversy exists between the parties about the alleged infringement of the '826 Patent. Thus, FCBH seeks and is entitled to a declaratory judgment that it has not and does not (and the Powerflow v2 does not) infringe any claim of the '826 Patent. Such relief is necessary and appropriate at this time to resolve the parties' dispute.

## DEMAND FOR JURY TRIAL

FCBH respectfully requests a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

FCBH respectfully requests the following relief:

(a) That the Court enter a judgment declaring that FCBH does not infringe any claim of the '826 patent, directly or indirectly, either literally or under the doctrine of equivalents;

(b) That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award FCBH its costs, expenses, and reasonable attorneys' fees incurred in this action;

(c) That the Court award FCBH any and all other relief to which FCBH may show itself to be entitled; and

      (d)      That the Court grant such additional and other relief as it deems just and proper.

Dated: May 8, 2025

                Respectfully submitted,

                **BLANK ROME LLP**

                By: */s/ Craig M. Flanders*
                1271 Avenue of the Americas
                New York, New York 10020
                Tel.: 212.885.5016
                Fax: 212.202.7510
                Email: Craig.Flanders@BlankRome.com